FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT

OCT 2 8 2008

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

———————————————————

UNITED STATES OF AMERICA,

    v.

JOSEPH SCOPO,

        **Defendant.**

———————————————————

)
)
)
)
)
)
)
)
)
)
)
)

08-CR-76

**Statement of Reasons Pursuant to**
**18 U.S.C. § 3553(c)(2)**

**JACK B. WEINSTEIN, Senior District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is also required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines have been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006). The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On June 3, 2008, Joseph Scopo pled guilty to Count One of an 80-count superseding indictment, which charged that between February 1975 and February 2008, Scopo, together with others, being a person employed by and associated with a criminal enterprise, conspired to engage in a pattern of racketeering activity. See 18 U.S.C. §§ 1962(c) and 1963(a). Within Count One, the defendant pled guilty to racketeering acts 17A, B and C, and 57A, B and C. Racketeering acts 17A and B charged that between December 1999 and January 2008, Scopo and others conspired to obtain cash payments from John Doe #4, with John Doe #4's consent which was induced through wrongful use of actual and threatened force, violence and fear, in violation of 18 U.S.C. § 1951(a). Racketeering act 17C charged that between December 1999 and January 2008, Scopo and others stole money from John Doe #4 by compelling and inducing him to deliver the money to the defendants by instilling John Doe #4 with fear of physical injury, damage to the property of John Doe #4, and harm to his health, safety, business, calling, career, financial condition, reputation and personal relationships, in violation of New York Penal Law §§ 155.30(6), 155.05(2)(e)(i), 155.05(2)(e)(ii), 155.05(2)(e)(ix) and 20.00. Racketeering acts 57A and B charged that in January 2008, the defendant and others conspired and attempted to obtain money from John Doe #13, with John Doe #13's consent which was induced through wrongful use of actual and threatened force, violence and fear, in violation of 18 U.S.C. § 1951(a). Racketeering act 57C charged that in January 2008, Scopo and others attempted to steal money from John Doe #13 by compelling and inducing him to deliver the money to the defendants by instilling John Doe #13 with fear of physical injury, damage to the property of John Doe #13, and harm to his health, safety, business, calling, career, financial condition, reputation and personal relationships, in violation of New York Penal Law §§ 155.30(6), 155.05(2)(e)(i), 155.05(2)(e)(ii), 155.05(2)(e)(ix), 110.00 and 20.00.

Scopo was sentenced on September 19, 2008. The underlying superseding indictment against him was dismissed upon motion by the government. The proceeding was also videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be fifteen and defendant's criminal history category to be level II, yielding a guidelines range of imprisonment of between twenty-one and twenty-seven months. The offense also carried a maximum term of imprisonment of twenty years. See 18 U.S.C. § 1963(a). The guidelines range of fine was from $4,000 to $40,000. A two-level enhancement pursuant to U.S.S.G. § 2B3.2(b)(1) was applied because of the implied threat of violence from Scopo in light of this defendant's status in the organized crime family, which carries an aura of force, violence and threats.

Scopo was sentenced to twenty-one months imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. Any restitution owed to crime victims was left to be determined at an upcoming evidentiary hearing.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The seriousness of the offense is

3

obvious: the defendant is a member of a mob which uses violence and fear to maintain a stronghold on the region's construction and other industries. Scopo is a young man whose wife was expecting their first child shortly after his sentencing. A sentence at the lower end of the guideline range, twenty-one months imprisonment, reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in mafia-related activities will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to apply for certain employment. It is unlikely that he will engage in further criminal activity in light of his family circumstances and responsibilities.

Jack B. Weinstein
Senior United States District Judge

Dated: October 21, 2008
Brooklyn, New York

4